UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANDREA NATHAN, on behalf of herself, all others similarly situated, Plaintiff, v. VITAMIN SHOPPE, INC., Defendant. | Case No.: 3:17-cv-01590-BEN-KSC **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
|---|---|

Before the Court is the motion to dismiss filed by Defendant Vitamin Shoppe, Inc. ("Vitamin Shoppe"). (Docket No. 6.) The motion is fully briefed. For the reasons that follow, Defendant's motion is **GRANTED**.

## BACKGROUND[1]

Defendant Vitamin Shoppe distributes, markets, and sells "Garcinia Cambogia Extract" (the "Product") nationwide, including the State of California. In February 2017, Plaintiff Andrea Nathan purchased a 180-caplet bottle of the Product from Defendant in San Diego, California for approximately $20. The Product's label stated "Weight Management" and "Appetite Control," which led Nathan to believe "the Product was an

---

[1] The following overview of the facts are drawn from the allegations of Plaintiff's Complaint (Docket No. 1-2, Ex. C, "Compl."). The Court is not making factual findings.

effective dietary aid that would provide weight-loss benefits and would help her lose weight and help her control her appetite." (Compl. ¶¶ 74-75.) At the time she purchased the Product, Nathan "was seeking a product . . . that aids in weight loss." (*Id.* ¶ 76.)

Nathan alleges "[t]he representations on the Product's label were and are false and misleading, and had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers acting reasonably (including the putative Class) because . . . the Product cannot deliver the purported benefits and is no more effective than a placebo." (*Id.* ¶ 77.) This lawsuit followed.

## PROCEDURAL HISTORY

On June 26, 2017, Plaintiff filed this action in the San Diego Superior Court[2] asserting individual and putative class state-law claims for violation of California's Unfair Competition Law, False Advertising Law, Consumer Legal Remedies Act, and for breach of express and implied warranties. On August 25, 2017, Defendant removed the action to this Court based on diversity jurisdiction. (Docket No. 1.) Defendant now moves to dismiss.[3] (Docket No. 6.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

---

[2] Case No. 37-2017-00023258-CU-BT-CTL.
[3] Defendant also asks the Court to take judicial notice of various documents in support of its position, of which Plaintiff objects to some, but not all. (*See* Docket Nos. 6-1, 6-2, 7-1.) The Court does not rely on any of the materials for which judicial notice is sought and therefore all requests for judicial notice are denied as moot.

"A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). While the Court must draw all reasonable inferences in the non-movant's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### A. "Lack of Substantiation" Claims

In essence, the theory of liability for each of Plaintiff's claims under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA") is the general assertion that Defendant's Product is incapable of providing weight-loss benefits, and therefore the Product label's phrases "Weight Management" and "Appetite Control" are false and misleading. Defendant argues that these claims must be dismissed because they are based entirely upon substantiation allegations for which there exists no private right of action. The Court agrees.[4]

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. The CLRA prohibits any "unfair methods of competition and unfair or deceptive acts or practices

---

[4] Because the Court agrees with this argument, it does not reach Defendant's alternative arguments for dismissal of Plaintiff's UCL, FAL, and CLRA claims.

undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770.

Private litigants may not bring suit under the UCL, FAL, or CLRA alleging only that advertising claims lack substantiation. *See Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.,* 107 Cal. App. 4th 1336, 1342 (2003); *Stanley v. Bayer Healthcare LLC,* 2012 WL 1132920, at * 3 (S.D. Cal. 2012). That right is reserved to "the Director of Consumer Affairs, the Attorney General, any city attorney, or any district attorney." Cal. Bus. & Prof. Code § 17508. As a result, private litigants must allege actual falsity or misrepresentation for their UCL, FAL, and CLRA, and may do so by citing to "testing, scientific literature, or anecdotal evidence." *Alvarez v. NBTY, Inc.*, No. 17-CV-00567-BAS-BGS, 2017 WL 6059159, at *8 (S.D. Cal. Dec. 6, 2017) (quoting *Kwan v. SanMedica Int'l, LLC*, 854 F.3d 1088, 1095-96 (9th Cir. 2017)).

In the false advertising context, an advertising claim is false if it has "actually been disproved," that is, if the plaintiff can point to evidence that directly conflicts with the claim. *Eckler v. Wal–Mart Stores, Inc.,* 2012 WL 5382218, at *3 (S.D. Cal. Nov. 1, 2012). By contrast, an advertising claim that merely lacks evidentiary support is said to be unsubstantiated. *Id.* ("There is a difference, intuitively, between a claim that has no evidentiary support one way or the other and a claim that's actually been disproved. In common usage, we might say that both are 'unsubstantiated,' but the caselaw (and common sense) imply that in the context of a false advertising lawsuit an 'unsubstantiated' claim is only the former.").

Plaintiff alleges the Product contains false and misleading statements because the phrases "Weight Management" and "Appetite Control" appear on the label, in spite of the fact that its only active ingredients Garcinia Cambogia Extract/Hydroxycitric Acid ("HCA") and chromium "are scientifically proven to be incapable of providing such weight-loss benefits." (Compl. ¶ 1.) The first problem with Plaintiff's complaint is her assertion that the phrases "Weight Management" and "Appetite Control" equate to representations that the Product provides weight-loss benefits. "Weight Management"

suggests management or control of one's weight, whose upward or downward departure may differ depending on an individual person's goals, *i.e.*, to gain, lose, or maintain one's weight. "Appetite Control" indicates control of one's appetite, which may or may not ultimately result in weight-loss. Thus, it is irrelevant whether the alleged studies disprove that the active ingredients in the Product can produce weight-loss benefits because the phrases themselves do not inherently promise weight-loss benefits. Moreover, Plaintiff does not allege any other statements, advertising, or other communications by Defendant promoting the Product as a weight-loss supplement. Instead, she merely provides her own subjective belief of the type of supplement and benefits she was looking for at the time she purchased the Product and attributed the same to the product. As a result, this alleged deficiency cannot serve as the basis for Plaintiff's UCL, FAL, or CLRA claims.

The second problem with Plaintiff's complaint is that the only study that directly addresses the representations at issue (i.e. "weight management" and "appetite control") merely states that its results "*did not support* the hypothesis that HCA supplementation *may be* effective on appetite and weight control by increasing fat oxidation." (Compl. ¶ 38) (emphasis added.) The Court finds this qualifying language is not sufficient to raise a plausible claim or falsity or a misrepresentation.[5] *Alvarez*, 2017 WL 6059159, at *8. All other studies referenced in Plaintiff's complaint discuss the effectiveness of Garcinia Cambogia Extract/Hydroxycitric Acid ("HCA") or chromium supplementation for weight-loss only. In other words, the studies do not discuss the overall effectiveness of weight management or appetite control from all perspectives, *i.e.*, weight gain, loss, and maintenance.

---

[5] The Court notes that Plaintiff further quoted this study as stating: "HCA was not effective." (Compl. ¶41.) By not providing context for this quotation (*i.e.*, what HCA was supposed to be effective at), the Court is left to speculate whether the study actually rendered a conclusion to support her claim, which is also insufficient to state a claim.

5

Therefore, the Court finds Plaintiff has not alleged sufficient facts to state plausible claims under the UCL, FAL, or CLRA, and Defendant's motion to dismiss these claims is **GRANTED**.

**B.     Breach of Warranties Claims**

In addition to state consumer protection claims, Plaintiff alleges two breach of warranty claims: (1) breach of express warranty and (2) breach of the implied warranty of merchantability.  Defendants also move to dismiss each of these claims, which the Court addresses in turn.

1.     Breach of Express Warranty

California Commercial Code § 2313, which defines express warranty, applies to "transactions in goods." *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013) (quoting Cal. Com. Code § 2102).  To prevail on a breach of express warranty claim, a plaintiff must prove that the seller "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Id.* at 893 (quoting *Rodarte v. Philip Morris, Inc.,* No. 03–0353FMC, 2003 WL 23341208, *7 (C.D. Cal. June 23, 2003)).

Here, Plaintiff ambiguously alleges "Defendant breached the express warranties by selling a product that does not and cannot provide the promised benefits."  (Compl. ¶ 132.)  However, looking at Plaintiff's complaint in its entirety, the only "promised benefits" Plaintiff identifies are "weight-loss benefits," which the Court explained above is not reasonably inferred from the standalone phrases "Weight Management" and "Appetite Control."  Finding the complaint deficient of a plausible actionable promise, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's breach of express warranty claim.

2.     Breach of Implied Warranty of Merchantability

"Unless excluded or modified [ ], a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that

6

kind." *Viggiano*, 944 F. Supp. 2d at 895 (quoting Cal. Comm. Code § 2314(1)). "The [California] Commercial Code does not 'impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality.'" *Id.* at 896 (quoting *Hauter v. Zogarts*, 14 Cal. 3d 104, 117 (1975)). "A plaintiff who claims a breach of the implied warranty of merchantability must show that the product 'did not possess even the most basic degree of fitness for ordinary use.'" *Id.* (quoting *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003).

Similar to its breach of express warranty claim, Plaintiff's claim for breach of the implied warranty of merchantability relies on its vague allegation that "the Product does not aid in weight management and appetite control." (Compl. ¶138.) However, as discussed above, Plaintiff's complaint does not allege that the product does not aid in weight management or control. Rather, the gravamen of Plaintiff's complaint is that the Product fails to provide allegedly promised "weight-loss benefits." Thus, dismissal for failure to state a plausible claim is also appropriate for Plaintiff's breach of the implied warranty of merchantability claim because she has not identified a plausible actionable promise. Defendant's motion to dismiss this claim is **GRANTED**.

## CONCLUSION

For all of the foregoing reasons, the Court finds Plaintiff has failed to allege sufficient facts for each of her claims, and Defendant's motion to dismiss Plaintiff's complaint is **GRANTED**. However, the Court shall provide Plaintiff with an opportunity to amend her pleading to correct the deficiencies identified in this Order. Therefore, Plaintiff's complaint is **DISMISSED without prejudice**. If Plaintiff elects to amend her pleading, it must be filed by no later than **seven (7) days** from the date of this Order.

**IT IS SO ORDERED.**

Dated: February 12, 2018

Hon. Roger T. Benitez
United States District Judge